IN THE SUPREME COURT OF THE STATE OF DELAWARE

MATTHEW D. TRAGO, § 
§ No. 609, 2014
Defendant Below, §
Appellant, §
§
v. § Court Below—Superior Court
§ of the State of Delaware,
STATE OF DELAWARE, § in and for New Castle County
§ Cr. ID No. 9607010823
Plaintiff Below, §
Appellee. §

Submitted: April 17, 2015
Decided: June 22, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## **O R D E R**

This 22nd day of June 2015, upon consideration of the briefs of the parties and the record below, it appears to the Court that:

(1) The appellant, Matthew D. Trago, filed this appeal from the Superior Court's October 7, 2014 order sentencing him for his seventh violation of probation ("VOP"). We find no merit to the appeal. Accordingly, we affirm.

(2) The record reflects that, in 1996, Trago was indicted on two counts of Unlawful Sexual Intercourse in the First Degree and two counts of Unlawful Contact in the Second Degree. These charges arose from Trago's sexual contact with a seven-year old relative. On October 29, 1996, Trago pled guilty to Unlawful Sexual Intercourse in the Second Degree. Trago was sentenced to

twenty years of Level V incarceration, suspended after ten years for decreasing levels of supervision.

(3)     Conditions of Trago's probation included no contact with minors, no possession of sexually explicit or obscene material, and no internet access. Between 2006 and 2012, the Superior Court found that Trago violated his probation six times. Trago did not appeal any of those VOP findings.

(4)     In September 2014, Trago was arrested for his seventh VOP. A VOP hearing was held on October 7, 2014. According to the VOP report and testimony of his probation officer, Trago was found in possession of two cell phones during a home visit. One of the cell phones contained sexually explicit photographs of adults and non-sexual photographs of children and had internet access.

(5)     The GPS monitor Trago was required to wear showed that Trago had visited the house of a friend in Newark. When a probation officer visited the house, he learned that a nine-year old child lived there. The child was shown a photograph of Trago and identified Trago as spending time with her uncle.

(6)     Trago admitted to violating his probation, but tried to downplay the violations. According to Trago, he did not know a child lived in the house he was visiting and he left the house when he saw the child approaching the house. Trago also claimed the cell phone with sexually explicit photographs and texts belonged to his wife, although he admitted to possessing the phone and using the phone to

2

send texts. The Superior Court found that Trago had violated his probation and sentenced him to five years of Level V incarceration, suspended after four years for decreasing levels of supervision. This appeal followed.

(7) On appeal, Trago claims that: (i) there was insufficient evidence to support a finding that he had contact with a child or used his wife's cell phone to send sexually explicit text messages; (ii) his due process rights were violated by his probation officer obtaining the child's identification based on a single photograph; (iii) he was denied his Sixth Amendment right to confront the child (who did not attend the VOP hearing); and (iv) the probation officer should not have referred to two of Trago's previous VOPs, which involved contact with a three-year old child and failure to comply with GPS monitoring, because Trago was already punished for those VOPs. We conclude that these arguments are without merit.

(8) To support his insufficient evidence argument, Trago claims that no GPS evidence was submitted to show he actually had contact with a child and no evidence was submitted to show that he used his wife's cell phone to send sexually explicit text messages. In a VOP hearing, unlike a criminal trial, the State is only to prove by a preponderance of the evidence that the defendant violated the terms of his probation.[1] The State "need only present 'some competent evidence' to prove the violation asserted and to reasonably satisfy the VOP judge that the

---

[1] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).

3

probationer's conduct has not been as good as required under the conditions of probation."[2] The rules of evidence are relaxed in a VOP hearing and hearsay evidence is admissible.[3]

(9) Conditions to Trago's probation included no contact with children, no possession of sexually explicit or obscene material, and no internet access. Although Trago denies having contact with a child or using a cell phone to send sexually explicit texts, he admitted to violating his probation at the VOP hearing. Trago does not dispute that he possessed a cell phone with internet access that contained sexually explicit photographs and that he used the phone to send text messages. There was also testimony that the child who lived in a house Trago admits to visiting identified Trago as spending time with her uncle. The Superior Court's finding that Trago violated his probation was supported by sufficient evidence.

(10) Because Trago did not raise a due process claim at the VOP hearing regarding the child's identification of him, we review this claim for plain error.[4] Under the plain error standard of review, "the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of

---

[2] *Id.* at 717.

[3] *Id.* at 716.

[4] Supr. Ct. R. 8.

the trial process."[5] Trago does not cite any authority in support of his due process argument. At his VOP hearing, Trago admitted that he violated his probation. Trago has not shown any plain error in the child's identification of him.

(11) Trago's claim that he was deprived of his Sixth Amendment right to confront the child at the VOP hearing is also subject to plain error review.[6] There is no plain error here. Trago had the opportunity to cross-examine the probation officer regarding the child's identification and admitted that he violated his probation at the VOP hearing.

(12) Like the previous claims, Trago's claim that his probation officer should not have described two of Trago's previous VOPs at the VOP hearing is subject to plain error review. The probation officer described the previous VOPs when he explained his recommendation for Trago's VOP sentence. The Superior Court judge could consider evidence of other VOPs in making his sentencing determination.[7] The probation officer's references to Trago's previous VOPs do not constitute plain error.

---

[5] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[6] Supr. Ct. R. 8.

[7] *Walsh v. State*, 2012 WL 6018707, at *2 (Del. 3, 2012) (citing *Kurzmann v. State*, 903 A.2d 702, 717 (Del. 2006)).

5

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice